**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00138-RWS |
| | ) | |
| ANTHONY VEZEAU, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Anthony Porter for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial affidavit submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will waive the initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4). Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process upon defendant Anthony Vezeau in his individual capacity.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has provided an affidavit and a certified inmate account statement (Docket No. 4) in support of his motion to proceed in forma pauperis. He states that he has no job, no income, no assets, and no money in his prison account. His inmate account statement shows that he has a negative account balance. Taking this into account, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee").

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual

allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is currently incarcerated in Watseka, Illinois. He brings this action pursuant to 42 U.S.C. § 1983. He states that defendant Anthony Vezeau is a patrolman for the Cape Girardeau Police Department, in Cape Girardeau, Missouri. (Docket No. 1 at 3). He alleges that Officer Vezeau used excessive force against him during the course of his arrest. Defendant Vezeau is sued in his individual capacity.

On June 2, 2017, plaintiff alleges that he was arrested in front of a Kohl's clothing store. (Docket No. 1 at 6). During the arrest, he was handcuffed and shackled. He alleges that Officer Vezeau "vigorously punched" him in the ribs in order to force plaintiff to have a seat in the

cruiser. Officer Vezeau instructed plaintiff to swing his legs into the car. Plaintiff claims that due to being shackled and the snugness of the partition, he "had no room to level" his body in order to swing his legs. Nevertheless, plaintiff attempted to maneuver his legs into the car, but could get no further than the door panel.

Plaintiff states that Officer Vezeau became aggravated and tried to force plaintiff's legs into the car by the shackles. He told Officer Vezeau that he could not twist his torso due to the glass behind him. At this point, plaintiff asserts that Officer Vezeau placed his feet back on the door panel, releasing his grip on the shackles. According to plaintiff, Officer Vezeau stated: "If you don't put your feet in the car, I'm going to slam them in the door." Plaintiff responded by saying that he needed to put one leg in the car at a time, and that if Officer Vezeau slammed his legs in the door, "it would be an assault." Plaintiff alleges that Officer Vezeau "chuckled" and "slammed" his feet in the door. He claims that this caused him to experience excruciating pain. When Officer Vezeau reopened the door, he allegedly asked plaintiff: "Are you going to put your feet in the car now?"

Plaintiff seeks $75,000 in compensatory damages and $75,000 in punitive damages. (Docket No. 1 at 7).

## Discussion

Plaintiff's complaint contains a claim of excessive force against defendant Anthony Vezeau, committed during the course of plaintiff's arrest. Having carefully reviewed and liberally construed plaintiff's claim, the Court will direct the Clerk of Court to issue process upon Officer Vezeau in his individual capacity.

**A. Plaintiff's Excessive Force Claim**

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018). *See also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); and *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen"). The violation of this right is sufficient to support an action under § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether or not law enforcement officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018).

Plaintiff alleges that during his arrest, Officer Vezeau punched him in the ribs and slammed his feet in the door of the police cruiser, causing him pain. During this incident, plaintiff was handcuffed and shackled. There is no indication that plaintiff posed an immediate threat to Officer Vezeau, or that he was attempting to resist arrest in any fashion. Accepting these factual allegations as true, plaintiff's claim of excessive force against Officer Vezeau is sufficient

for purposes of initial review. Accordingly, the Clerk of Court will be directed to serve process upon Officer Vezeau in his individual capacity.

**B. Plaintiff's Motion to Appoint Counsel**

Plaintiff has filed a motion for appointment of counsel. (Docket No. 3). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon defendant Anthony Vezeau in his individual capacity on plaintiff's claim of excessive force. Defendant shall be served at the Cape Girardeau Police Department, located at 40 South Sprigg Street, Cape Girardeau, Missouri 63703.

Dated this 18th day of October, 2018.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE